UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON LAMONT POWELL,<br><br>        Plaintiff,<br><br>   vs.<br><br>CORRECTIONAL OFFICER WIDLEY, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-00824-EPG-PC<br><br><u>ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED</u><br><br>**21 DAY DEADLINE** |

Dameon Lamont Powell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding on claims for excessive force in violation of the Eighth Amendment as to Defendants Widley, Zimmerman, Vasquez, Rodriguez, and T.C. Davies, and deliberate indifference to serious medical needs against Defendant R/N Wilson. (ECF No. 14.)

Service of process has been returned executed as to Defendants T. C. Davies, Rodriguez, Vasquez, and Wilson. (ECF No. 22.) However, summonses were returned unexecuted as to Defendants Widley and Zimmerman because these individuals are not and/or

---

[1] On August 21, 2017, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 13). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.

1

never were employed at Correctional Institution, Tehachapi. (ECF Nos. 20-21.)

Federal Rule of Civil Procedure 4(m) provides for a "time limit for service" as follows:

> **(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

Plaintiff may wish to conduct third-party discovery in order to locate the defendants. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General, if Plaintiff seeks documents from entities that are not presently defendants in this case. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

\\\
\\\
\\\
\\\

Accordingly, Plaintiff is hereby ORDERED to SHOW CAUSE as to why Defendants Widley and Zimmerman should not be dismissed from this case without prejudice for failure to effectuate service of process. Plaintiff shall file a written response within 21 days of this Order. The failure to comply with this Order may result in the dismissal of Defendants Widley and Zimmerman without prejudice.

IT IS SO ORDERED.

Dated: **February 5, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE