UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON LAMONT POWELL,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER WIDLEY, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-00824-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(Doc. No. 23)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS WIDLEY AND ZIMMERMAN BE DISMISSED WITHOUT PREJUDICE<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(Doc. No. 27) |

Plaintiff Dameon Lamont Powell is a state prisoner proceeding pro se in this civil rights action. He makes two claims under 42 U.S.C. § 1983: (1) excessive force in violation of the Eighth Amendment by defendants Widley, Zimmerman, Vasquez, Rodriguez, and Davies; and (2) deliberate indifference to serious medical needs in violation of the Eighth Amendment by defendant Wilson, a registered nurse ("RN"). (Doc. No. 14 at 3.) He alleges that he is a victim of unprovoked attacks by defendants Widley, Zimmerman, Vasquez, Rodriguez, and Davies.

1

According to plaintiff, defendants extracted him from his cell and "stomped" his head against the floor, inflicting serious injuries, including broken ribs and a torn knee ligament. Plaintiff also alleges that defendant Davies unjustifiably pepper-sprayed him while he was handcuffed and locked in a cage, and that defendant RN Wilson denied medical care for his injuries.

**A.  Defendants' motion to dismiss for failure to exhaust administrative remedies**

Defendants Davies, Rodriguez, Vasquez, and Wilson have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that the court should dismiss plaintiff's first amended complaint because it is apparent on the face of the complaint that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted.").

Exhaustion of administrative remedies is an affirmative defense that defendants must plead and prove. *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Plaintiffs are not required plead the "subject of an anticipated affirmative defense" in their complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, a defendant may raise a defense by motion to dismiss when an affirmative defense is obvious on the face of a complaint. *Id.*; *accord Albino*, 747 F.3d at 1169 (providing that granting a motion to dismiss would be appropriate in those "*rare cases* where a failure to exhaust is clear from the face of the complaint") (emphasis added).

Defendants point to the form that plaintiff used to draft his first amended complaint as evidence that he failed to exhaust his administrative remedies. The form contains a statement of law concerning exhaustion of administrative remedies and warns that the case may be dismissed "[i]f the court determines that an inmate failed to exhaust prior to filing suit . . . ." The form then asks two questions:

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    B. Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

(Doc. No. 12 at 2.) Plaintiff answered "yes" to the first question and "no" to the second question. (*Id*.) He added that "administrative remedies do not apply" and that he "was placed in a mental health crisis bed." (*Id*.)

"An inmate is required to exhaust only *available* remedies." *Albino*, 747 F.3d at 1171 (emphasis in original). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id*. Plaintiff's placement in a mental health crisis bed—an allegation that the court accepts as true at this stage—raises questions of whether administrative remedies were practically available to him, even if such remedies were generally available at plaintiff's institution. *See id*.

Notwithstanding the questions asked on the form used by plaintiff, the availability of administrative remedies is a factual issue that is generally better considered at the summary judgment stage. *See id.* at 1170 (explaining that either party may file a summary judgment motion addressing exhaustion and that, if a factual dispute exists, exhaustion may be decided following a hearing). Defendants cannot obtain dismissal at this stage—as they attempt to do—by arguing that plaintiff "has not alleged any facts" to show that "his failure to exhaust his administrative remedies [were unavailable.]" (Doc. No. 23 at 8.) There is no requirement that plaintiff allege such facts at this stage.[1] *See Rivera*, 735 F.3d at 902. Therefore, the court is not convinced that this is one of the "rare cases" in which it is apparent on the face of the complaint that a prisoner did not exhaust available administrative remedies, and the court will deny defendants' motion to dismiss. *Albino*, 747 F.3d at 1169.

### B. Plaintiff's motion for leave to amend

In response to defendants' motion to dismiss, plaintiff requests leave to supplement his complaint with additional factual allegations regarding his attempts to exhaust administrative remedies. The court will deny this motion, since there is no requirement that plaintiff plead information relevant to affirmative defenses. *See Rivera*, 735 F.3d at 902.

---

[1] The complaint form used by plaintiff has the potential to lead a plaintiff—particularly a pro se plaintiff—into making unnecessary admissions that might support affirmative defenses.

### C. Unserved defendants

On February 6, 2018, the court issued an order to show cause why defendants Widley and Zimmerman should not be dismissed from this case without prejudice based on plaintiff's failure to effectuate service of process. (Doc. No. 26.) The order indicated that summonses had been returned unexecuted for defendants Widley and Zimmerman (Doc. Nos. 20-21), and that these defendants had not been served within the 90-day "time limit for service" under Federal Rule of Civil Procedure 4(m). The order provided plaintiff with instructions on how to conduct discovery intended to locate defendants.

The court gave plaintiff twenty-one days to respond to the order to show cause and warned that "failure to comply with this Order may result in the dismissal of Defendants Widley and Zimmerman without prejudice." (Doc. No. 26 at 3.) Plaintiff did not respond to the order or request an extension of time for service. Therefore, the court will recommend that defendants Widley and Zimmerman be dismissed without prejudice.

### D. Conclusion

Accordingly, it is ordered that plaintiff's motion for leave to amend (Doc. No. 27) be denied, and it is recommended that:

1. defendants Davies, Rodriguez, Vasquez, and Wilson's motion to dismiss (Doc. No. 23) be denied; and
2. defendants Widley and Zimmerman be dismissed without prejudice.

The undersigned submits the findings and recommendations to the U.S. District Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772

F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: June 27, 2018              /s/ *Jeremy D. Peterson*
                                  UNITED STATES MAGISTRATE JUDGE